IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLETE HEALTHCARE RESOURCES - EASTERN, INC. f/k/a COMPLETE CARE SERVICES - EASTERN, INC. | : : : : | CIVIL ACTION |
| v. | : : | |
| PACIFIC LIFE INSURANCE COMPANY LTD. | : | NO. 06-2490 |

**MEMORANDUM**

**Baylson, J.**                                                                                               **December 12, 2006**

**I.     Introduction**

Plaintiff, Complete Healthcare Resources Eastern, Inc. ("Complete Healthcare") seeks a Declaratory Judgment from this Court that it is not liable to Defendant, Pacific Life Insurance Company ("Pacific") in subrogation, and that it is not obligated to mediate and/or arbitrate Pacific's subrogation claim.  In response to Plaintiff's Complaint for a Declaratory Judgment, Pacific filed a 12(b)(6) Motion to Dismiss alleging that Complete Healthcare filed the declaratory judgment action in derogation of an arbitration clause requiring the parties to arbitrate disputes in Baltimore, Maryland.   Alternatively, Pacific asks this Court to transfer the action to the District of Maryland pursuant to 28 U.S.C. § 1404(a).

**II.    Facts**

On April 30, 2001, Complete Healthcare entered into a Management Services Agreement ("MSA") with Villa St. Michael, the owner and operator of a nursing and retirement center in Baltimore, Maryland.  Pursuant to the agreement, Complete Healthcare was to provide

management services to the nursing home for a period of three years, with automatic renewal terms. Complete Healthcare is a Pennsylvania corporation with its principal place of business in Dresher, Pennsylvania. Villa St. Michael is a Maryland limited partnership.

Section 10 of the MSA provides that disputes arising between the parties, with limited exceptions, should be resolved through a three-step process, beginning with direct negotiation and ending with binding arbitration. Section 4 requires Complete Healthcare to maintain a policy of administrator's errors and omissions insurance, and Villa St. Michael to obtain a policy of general and professional malpractice liability insurance, naming Complete Healthcare as an additional insured. Villa St. Michael obtained the required insurance policy from the Defendant, Pacific Life Insurance.

On the morning of November 16, 2002, Bertha Small, a resident of the nursing home, died as a result of being overfed by continuous tube feedings. On July 25, 2003, Ms. Small's children sued Villa St. Michael for medical malpractice and wrongful death. Villa St. Michael asked Complete Healthcare to defend the nursing home against the claims. Complete Healthcare refused, maintaining that the MSA only required it to indemnify Villa St. Michael in a limited number of circumstances. Pacific eventually settled the claim for $800,000.

On December 16, 2005, Pacific informed Complete Healthcare that it intended to pursue subrogation claims stemming from the settlement, but first wished to engage in private negotiations, and if necessary mediation. Complete Healthcare declined, claiming it bore no liability for the Bertha Small incident. After several unsuccessful communications, Pacific asked Complete Healthcare to make a settlement offer by May 30, 2006, or proceed to mediation or binding arbitration of the subrogation claim. If Complete Healthcare refused, Pacific threatened

civil action. In response, Complete Healthcare filed a complaint for a declaratory judgment in this Cout.

### III. Discussion

   A.   Arbitration Clause[1]

Pacific, a non-signatory to the MSA, seeks to enforce the arbitration clause contained in the agreement against Complete Healthcare. In support, Pacific relies on the well-established principle that a subrogee "stands in the shoes of the creditor [and] is ordinarily entitled to all the remedies of the creditor." Bachman v. Glazer & Glazer, Inc., 559 A.2d 365, 369 (Md. 1989). Because Pacific is a successor to the rights of the insured for subrogation purposes, Pacific claims it also qualifies as Villa St. Michael's "successor" within the meaning of the MSA. See MSA § 12(g) ("This agreement shall be binding upon the parties hereto and their respective successors and assigns.").

In its briefs, Pacific cites no authority for the proposition that an insurer can enforce an arbitration provision contained in a service agreement between its insured and a third party. The cases Pacific relies on simply define a subrogee as a "third person [who] succeeds to the rights of the creditor in relation to the debt." Id. at 368. This undisputed principle, however, does not support the much broader contention advanced by Pacific. Although Pacific may succeed to the rights of the insured for subrogation purposes, there is no evidence that Pacific is Villa St.

---

[1] Pacific urges the Court to apply Maryland law to the arbitration issue. Complete Healthcare discusses both Maryland and Pennsylvania law. The Court finds there is no relevant conflict between Maryland and Pennsylvania law, and therefore we do not need to resolve the choice of law question. Under either state's law, Pacific's arbitration claim is untenable.

Michael's successor <u>under the service contract</u>,[2] or that the parties intended the contract's arbitration provision to encompass claims brought by a non-signatory. Without legal or factual support for this claim, the Court declines to adopt Pacific's position as a matter of first impression.

### B. Transferring the Action Under 28 U.S.C. § 1404(a)

Initially, Pacific relies on the forum selection clause in the agreement for its motion that this action should be transferred to the District of Maryland. However, for the same reasons that the Court is not going to enforce the arbitration clause in the agreement, the Court will decline to enforce the forum selection clause against the Plaintiff, a non-signatory. Alternatively, Pacific seeks to transfer under 28 U.S.C. § 1404(a), and cites the well known factors under <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995). Although Pacific points to a number of factors weighing in favor of the transfer, such as the facts that the claim arose out of the operation of the nursing home in Baltimore and a number of the witnesses are located in Baltimore, other factors cited by Pacific are not entitled to great weight. The location of the bankruptcy proceedings in

---

[2] The term "successors" is contained in § 12(g) of the MSA, which establishes the binding nature of the contract on the "successors and assigns" of the parties. The Court thinks it is clear from the ordinary meaning of the word successors, and its placement in the contract, that it refers to entities succeeding to the parties' rights and obligations <u>under the contract itself</u>. For example, in <u>Crown Oil and Wax Co. v. Glen Construction Co.</u>, 578 A.2d 1184 (Md. 1990), the Maryland Court of Appeals found that one corporation "equitably assigned its benefits under [a] construction contract" to a non-signatory limited partnership, and the partnership assumed the corporation's obligations under the contract. <u>Id.</u> at 1192. Accordingly, the court concluded that the partnership was a successor to the corporation under the contract, and could enforce an arbitration provision contained in the contract against the other signatory. In this case, Pacific does not contend it has succeeded to the nursing home's obligations or benefits under the Management Services Agreement with Complete Healthcare. Rather, it claims it is a successor to Villa St. Michael for subrogation purposes. Thus, Pacific is not a "successor" within the meaning of § 12(g) and cannot enforce the provisions of the MSA.

the District of Maryland is not relevant and this Court can determine Maryland law as well as a judge in Maryland.  Countered against this, and entitled to greater weight, is the Plaintiff's choice of forum, and the fact that Plaintiff's witnesses are located in this district, and travel between Baltimore and Philadelphia is neither difficult nor expensive.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss under 12(b)(6) or Transfer under § 1404(a) is denied.  An appropriate order follows.

A:\06-2490 - Complete Healthcare - memo and order.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLETE HEALTHCARE RESOURCES - EASTERN, INC. f/k/a COMPLETE CARE SERVICES - EASTERN, INC. | : : : : : | CIVIL ACTION |
| v. | : : : : | |
| PACIFIC LIFE INSURANCE COMPANY LTD. | : | NO. 06-2490 |

## ORDER

_____AND NOW, this 12th day of December, 2006, upon consideration of Defendant's Motion to Dismiss under 12(b)(6) or to Transfer the Action under 28 U.S.C. § 1404(a), (Doc. No. 5), it is hereby ORDERED that Defendant's Motion is DENIED.

_____BY THE COURT:


**/s/ Michael M. Baylson**

Michael M. Baylson, U.S.D.J.